JACOB BODEWIG ET AL. V. STANDARD CATTLE COMPANY.

FILED OCTOBER 5, 1898. No. 9993.

1. **Judgment**: ENFORCEMENT PENDING REVIEW. A plaintiff may proceed to enforce his judgment obtained on a contract for the payment of money only, notwithstanding the execution by the defendant of a sufficient supersedeas bond as required by law to stay proceedings pending a review of the judgment in the appellate court, upon the plaintiff executing, with at least two sufficient sureties, the undertaking prescribed by section 591 of the Code of Civil Procedure and obtaining leave from the court below, or a judge thereof in vacation, to enforce the collection of the judgment.

2. ———: ———: INJUNCTION. Where plaintiff has complied with the provisions of section 591 of said Code, the defendant is not entitled to an order restraining the enforcement of the judgment during the pendency of error proceedings to review such judgment.

ERROR from the district court of Platte county. Tried below before WESTOVER, J. Heard on motion of defendant in error to dissolve an order of the supreme court restraining enforcement of the judgment below. *Motion sustained.*

*A. M. Post* and *James G. Reeder*, for the motion.

*Cookingham & McAllister, contra.*

NORVAL, J.

The Standard Cattle Company instituted an action in the court below against the defendants on a contract for the payment of money only, and recovered a judgment

against them therein on February 19, 1898, in the sum of $525.29, besides costs. An execution was issued on said judgment and placed in the hands of the sheriff, who made a levy thereunder. Subsequently on April 5, 1898, and during the life of the execution, the defendants filed in this court a transcript of the proceedings, including the final judgment, also a petition in error, and caused a summons in error to be issued. They also executed and filed a supersedeas bond, with sureties approved by the clerk of the district court in accordance with sections 588, 589, and 590 of the Code of Civil Procedure, for the purpose of staying the execution of said judgment. On April 8, 1898, the defendants filed an application in the trial court for an order recalling the execution then in the hands of the sheriff, which was sustained, and the officer was ordered to return the process forthwith to the clerk of the trial court. The plaintiff below filed an application, under the provisions of section 591 of said Code, for leave to enforce its said judgment notwithstanding the giving of the supersedeas bond by the defendants and the steps taken by them to have said judgment reviewed. An order was entered authorizing the enforcement of the judgment upon the plaintiff's executing a bond with two sufficient sureties in the sum of $1,400, to be approved by the clerk of the district court, conditioned that if the judgment be reversed or modified, plaintiff below would make full restitution to the adverse parties of the money received under the judgment. The bond in accordance with the terms of the order was given and approved. An additional transcript embodying said applications and orders and a supplemental petition in error based thereon were filed in this court, and on June 8 an order was entered herein, on application of the defendants below, plaintiffs in error, restraining the collection of said judgment until otherwise ordered. The Standard Cattle Company has moved for a dissolution of said restraining order, and the present submission is upon the motion.

If the order of the court below authorizing the collection of the judgment is a final order within the meaning of section 581 of the Code of Civil Procedure which can be superseded under section 588 of said Code, the enforcement of said order has not been stayed by the giving of the undertaking prescribed by said section 588, but we are persuaded that the action of the court giving leave to plaintiff below to collect its judgment is not an order which can be stayed under said section. The judgment was recovered upon a contract for the payment of money only, and the execution could be superseded by the giving of the undertaking prescribed by subdivision 1 of section 588. Defendants below gave the requisite bond to secure a stay of execution, and no further proceedings were permissible to collect the judgment during the pendency of the proceedings in error in this court except for section 591 of said Code and the compliance therewith by the judgment creditor. This section reads: "In an action arising on contract, for the payment of money only, notwithstanding the execution of the undertaking in the last section mentioned, to stay proceedings, if the defendant in error give adequate security to make restitution in case the judgment is reversed or modified, he may, upon leave obtained from the court below, or a judge thereof in vacation, proceed to enforce the judgment. Such security must be an undertaking executed to the plaintiff in error by at least two sufficient sureties, to the effect that if the judgment be reversed or modified, he will make full restitution to the plaintiff in error of the money by him received under the judgment." It was under this section, and in pursuance of its provisions, that permission was granted by the trial court to collect the judgment which had at that time been superseded by the defendants in execution. This section, if valid and binding,—and its validity not now being assailed, will be treated as in force,—confers ample power, upon compliance with the provisions, for the enforcement of a judgment rendered in an action on a contract for the

payment of money only, although the collection of such judgment may have been superseded by the giving of the undertaking provided in said section 588. The judgment creditor must first obtain leave of the court below, or a judge thereof in vacation, and give the bond prescribed in said section 591 before he can have enforcement of his judgment, during the pendency of error proceeding. It is obvious that said sections 588 and 591 must be construed together. Section 588 provides for the stay of execution while error proceeding is being prosecuted, and section 591 prescribes the conditions upon which the right conferred by section 588 upon a judgment debtor may be defeated in actions on contracts for the payment of money alone. In the case at bar plaintiff below has fully complied with the requirements of said section 591, and is entitled to enforce his judgment, since leave to do so was given by the court below, notwithstanding the defendants had given the undertaking required by section 588. It is a familiar maxim that "equity follows the law," and to restrain the enforcement of the judgment in this case would contravene said maxim, and override and render nugatory a plain provision of statute, which we have no right to do. The motion to dissolve the restraining order heretofore issued by this court is sustained, and said order is vacated.

MOTION SUSTAINED.

SULLIVAN, J., not sitting.