MAGIC CITY REALTY COMPANY, APPELLEE, V. MATT SCHENECKENBERGER, APPELLANT.

FILED NOVEMBER 19, 1908.    No. 15,956.

1. **Forcible Entry and Detainer:** JUDGMENT: WRIT OF RESTITUTION. The provisions of "An act to provide for the enforcement of judgments in forcible entry and detention, and forcible detention proceedings" (laws 1907, ch. 163; code, sec. 1032c) were intended to extend a similar remedy to actions for forcible entry and detention to that provided by section 591 of the code for actions upon contracts for the payment of money only.

2. ———: ———: ———. Under this act, the court which renders the final judgment is the proper court in which to make the application for the issuance of the writ.

3. ———: APPEAL: ENFORCEMENT OF JUDGMENT. The filing of an appeal bond and the perfecting of an appeal in the higher court do not oust the court which rendered the judgment of jurisdiction to allow the filing of a bond and the issuance of a writ of restitution under the statute.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Motion for restraining order dismissed.*

*John O. Yeiser,* for appellant.

*T. J. Nolan, contra.*

LETTON, J.

This is an application in this court for a supersedeas to stay the execution of a writ of restitution in a forcible entry and detention case, issued after appeal taken from the judgment of the justice court to the district court for Douglas county. After the transcript had been filed in

the district court the plaintiff filed an application in that court for the issuance of a writ of restitution notwithstanding the appeal. A hearing was had upon the motion, and evidence taken, and an order made permitting the filing of a bond and the issuance of the writ. From this order an appeal has been taken to this court, and we are now asked for a supersedeas to stay the execution of the order pending the determination of the appeal in this court.

The application was made and order granted under the provisions of the act approved March 23, 1907 (laws 1907, ch. 163), which provides: "Section 1. In all actions of forcibly entry and detention as well as of forcible detention only, notwithstanding the execution of an undertaking for supersedeas or appeal, the judgment for restitution of the premises may be enforced, in the discretion of the court, or a judge thereof in vacation, upon the execution of a bond with sufficient surety, to ·defendant, in such sum as the court shall fix, conditioned that in case the plaintiff shall finally be defeated he will pay said defendant his costs and all damages he may have suffered by reason of the execution of said judgment, said bond to be approved by the court or judge." The question before us is as to the jurisdiction of the district court to make such order before a judgment in that court. Appellee contends that, since the act provides that the judgment may be enforced in the discretion of "the court or a judge thereof in vacation," the district court alone had the power to make the order, and that this language necessarily excludes the idea of a justice of the peace having such power. If we construe the words "the court or a judge thereof" with literal exactness, and without regard to the purpose and intention of the law, we might be constrained to take this view, but to do so would render fruitless the very end for which the law was enacted. When considered in connection with the other provisions of the statute referring to the action of forcible entry, it is plain that the language of the law is confusing and

ambiguous. This being the case, it must be construed by the recognized canons of statutory construction. The evil sought to be remedied was the wrongful holding of property by a tenant after a judgment of ouster, by means of taking an appeal, whereby, on account of the necessary delay occasioned by appellate procedure, injuries and wrongs were in many cases suffered by the owners of the property which could not be recompensed by an action on an appeal bond. The object was to oust the man against whom the judgment had been obtained, leaving him to his remedy upon the bond, if his possession was finally adjudged to be lawful.

A similar law was already on the statute books with reference to the enforcement of judgments upon contracts for the payment of money only, and it was as an amendment to this section that the bill for the act was introduced into the legislature. The bill was introduced by Mr. Dodge as "A bill for an act to amend section 1600 of Cobbey's Annotated Statutes, 1903, and to repeal said section as the same now stands." That portion of the proposed act referring to forcible entry judgments appeared as the second section of the bill. During consideration by the legislature, it was evidently thought to be an enactment upon a separate subject, and not germane to the section sought to be amended, being section 591 of the code. All reference to that section was eliminated in committee of the whole, and the title was amended to "An act to provide for the enforcement of judgments in forcible entry and detention, and forcible detention proceedings," and the bill was passed as thus amended. The act was evidently intended to extend a remedy similar to that provided by section 591 of the code to actions for forcible entry and detention; and, since the justice court and county judges exercising the jurisdiction of a justice of the peace are the only courts having original jurisdiction of such causes, the act would be ineffective and useless unless its provisions are applicable to justice courts. In *Bodewig v. Standard Cattle Co.*, 56 Neb. 217, it was

held, in substance, as to the effect of section 591, that, when the plaintiff had obtained leave from the lower court and filed his bond as provided therein, he might proceed to enforce his judgment, notwithstanding the filing of a supersedeas bond for appeal, and that the defendant was not entitled to an order restraining the enforcement of the judgment during the pendency of error proceedings to review such judgment, or to a supersedeas issued from this court.

We are of the opinion that the court which renders the judgment of ouster is the court which should act upon the application. It is the only court which has sufficient knowledge of the case upon which to found a legal discretion. There is no provision in the statute for any other court to acquire such knowledge before a trial of the issues. The proceedings are analogous to those under section 591, except that the application in a forcible entry case may be made to the justice of the peace after judgment, or to the district court or a judge thereof in vacation after a judgment rendered on appeal in that court.

We think there was no authority in the district court before trial and judgment in that court to enter the order sought to be restrained; and, since that court had no jurisdiction to make the order, this court has acquired none by appeal. The motion for a restraining order is therefore

DISMISSED.